UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:13-CV-00074-H

CRAIG SPENCE                                                                    PLAINTIFF

V.

CENTERPLATE                                                                    DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Plaintiff Craig Spence moves to remand this action back to the Jefferson Circuit Court on grounds that Defendant Volume Services America, Inc. d/b/a Centerplate ("Centerplate") has failed to show that this Court has jurisdiction over the matter.  Specifically, Plaintiff alleges that the amount in controversy is less than $75,000, and therefore, this Court does not maintain diversity jurisdiction in this case.  For the following reasons, the Court will sustain Plaintiff's motion.

I.

Plaintiff filed suit in the Jefferson Circuit Court against Centerplate for race discrimination, retaliation, and unlawful discharge, seeking compensatory damages for back pay, future wages, emotional distress, mental anguish, humiliation and embarrassment, punitive damages and attorney's fees.  On two separate occasions, Plaintiff stipulated that he will not recover damages in excess of $74,999. First, in his Complaint, Plaintiff "expressly stipulates that the amount in controversy is less than $75,000 inclusive of punitive damages, attorney's fees, and the fair value of any injunctive relief."  ECF No.1-1.  Plaintiff did not, however, specifically state the damages he seeks in his Complaint, as this practice is prohibited under Kentucky rules.  *See* KY. R. CIV. P. 8.01(2).  Second, attached as an exhibit to his Motion to Remand, Plaintiff presented a stipulation wherein he "expressly asserts . . . that Plaintiff will not seek <u>or accept</u> an award of damages in excess of

$74,999.00 inclusive of punitive damages, attorneys' fees, and the fair value of any injunctive relief." ECF No.6-1.

Centerplate removed the action pursuant to 28 U.S.C. § 1441, claiming that this Court has diversity jurisdiction over the action under 28 U.S.C. § 1332. For a federal district court to maintain § 1332 diversity jurisdiction, the parties must be completely diverse, and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332; *Shane v. Fairfax Identity Labs.*, 2008 WL 1805504, *2 (W.D. Ky. Apr. 18, 2008). It remains undisputed that these parties are diverse. Therefore, the principal issue in this case is whether the amount in controversy exceeds $75,000. Despite Plaintiff's stipulation to the contrary, Centerplate argues that the amount in controversy does exceed $75,000 for two reasons. The Court will address each.

## II.

Centerplate contends that the reasonable value of Plaintiff's claims easily meets the amount in controversy requirement at the time of removal. Congress recently amended the removal rules such that Centerplate's supported allegations that the amount in controversy exceeds $75,000 can satisfy the amount in controversy requirement under § 1332 where Plaintiff has made no specific declaration of damages sought. *See* Federal Courts Jurisdiction and Venue Classification Act of 2011, Pub. L. No. 112-63 § 103(b), 125 Stat. 760, 762.

> As amended, § 1446 permits a defendant to assert the amount in controversy in its notice of removal if removing from a jurisdiction where "State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded." 28 U.S.C. § 1446(c)(2)(A)(ii). . . . Th[is amendment is] applicable in the present case because Kentucky both prohibits the demand for a specific sum and allows recovery beyond that demanded in the pleadings.

*Proctor v. Swifty Oil Co., Inc.*, 2012 WL 4593409, *2 (W.D. Ky. Oct. 1, 2012).  Therefore, because the Plaintiff did not, and under Kentucky rules cannot, assert specific damages in its Complaint filed in a Kentucky court, Centerplate may assert the amount in controversy, if that assertion is supported.

The Sixth Circuit requires "the removing defendant [to] show that it is 'more likely than not' that the plaintiff's claims meet the amount in controversy requirement.'" *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000).  This "does not place upon the defendant the daunting burden of proving, to a legal certainty, that the plaintiff's damages are not less than the amount-in-controversy requirement.  Such a burden might well require the defendant to research, state, and prove the plaintiff's claim for damages." *Gafford v. Gen. Electric Co.*, 997 F.2d 150, 158 (6th Cir. 1993).  The Court finds that Centerplate has established that Plaintiff's claims could exceed the amount in controversy.  Centerplate argues that Plaintiff could recover up to $17,540 in back pay and $35,100 in future wages.  Add to that humiliation, emotional distress, and potential punitive damages of four times a compensatory damages award, and Plaintiff could potentially recover well over $200,000 in this lawsuit.

III.

While such a showing is important to overcome a motion to remand, this Court has often held that plaintiffs are entitled to stipulate that they do not seek, nor will they accept, damages in an amount exceeding $75,000, which would destroy the amount in controversy requirement for § 1332 jurisdiction.  *See, e.g.*, *Cook v. Estate of Moore*, 2012 WL 5398064 (W.D. Ky. Nov. 2, 2012).  The Court will uphold the stipulation where it is an "unequivocal statement . . . limiting damages." *Egan v. Premier Scales & Sys.*, 237 F. Supp. 2d 774, 778 (W.D. Ky. 2002).  This mechanism is helpful  under Kentucky law, where plaintiffs cannot initially state an affirmative damages award

3

in their complaint, so long as the plaintiff does not later *reduce* or *change* her demand by stipulation for the purpose of avoiding federal jurisdiction. *Id.* at 776. Rather, the stipulation must simply *clarify* the plaintiff's demand for damages asserted in his complaint.

As stated above, Plaintiff made two such stipulations. Centerplate's second argument pertains to this point: Centerplate contends that Plaintiff's post-removal stipulation is not unequivocal.

On several previous occasions, this Court has addressed the adequacy of amount in controversy stipulations. For example, in *Egan*, Plaintiff executed an affidavit stating that she "will accept a sum of $74,990 exclusive of interest and costs as a judgment regardless of what any court finds in excess of that amount." *Id.* at 775. The Court found this statement less then unequivocal, and as a result, determined that the demand in the case exceeded the jurisdictional amount. *Id.* at 778. The Court reasoned that the plaintiff failed to actually limit the amount of a potential judgment. "To merely say that one will not accept money in excess of a certain amount limits neither the judgment nor the demand." *Id.*

In contrast, a stipulation that does satisfy the Court's requirement for an unequivocal statement is found in *Van Etten v. Boston Scientific Corp.*, 2009 WL 3485909 (W.D. Ky. Oct. 23, 2009). In that case, the plaintiff stated in his Motion to Remand, "The plaintiff, by counsel, hereby certifies to the Court that he will not be making a claim nor pursuing damages in amount equal to or exceeding the sum of $75,000.00." 2009 WL 3485909, at *1. This Court found that "[o]n its face, Plaintiff's statement leaves no doubt or out. As such, it does meet the Court's minimum requirement of being an unequivocal stipulation that he will seek less than $75,000 in damages in his complaint." *Id.*

4

In the present case, Plaintiff stipulated that he will neither seek nor accept money in excess of the jurisdictional amount. The stipulations here resemble that made in *Van Etten*. A plain reading of the stipulation leaves Plaintiff no room to escape the bounds of its restrictions. Like the plaintiff in *Van Etten*, Plaintiff's actual damages, if proven, might exceed $75,000, so state courts will be forced to rely on this stipulation to prevent the award of excess damages. The United States Supreme Court determined that factual stipulations are "binding and conclusive . . . and the facts stated are not subject to subsequent variation." *Christian Legal Soc'y Chapter of the Univ. of Cal., Hastings Coll. of Law v. Martinez*, 130 S.Ct. 2971, 2983 (2010)(quoting 83 C.J.S., *Stipulations* § 93 (2000)). Thus, a stipulation is an "express waiver made . . . by the party or his attorney conceding for purposes of the trial the truth of some alleged fact." *Standard Fire Ins. Co. v. Knowles*, No. 11-1450 (Mar. 19, 2013)(slip op., at 3-4)(quoting 9 J. Wigmore, Evidence § 2588, 821 (J. Chadbourn rev. 1981)). Therefore, the principal feature of such a stipulation is its binding authority on the parties. *Id.*

While the Court may be concerned that a dishonest party may simply use the stipulation mechanism as a ploy to retain a more favorable state court jurisdiction over the claim for whatever reason, the Court is convinced that Plaintiff will be constrained to recovering an amount that is not to exceed $74,999. If a jury were to award Plaintiff that amount, or some award close to that amount, Plaintiff cannot seek attorney's fees in an amount that will inure to Plaintiff's benefit an award greater than $75,000.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Plaintiff's Motion to Remand is SUSTAINED, and this case is REMANDED to the Jefferson Circuit Court.

cc:     Counsel of Record
        Jefferson Circuit Court